IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOHN JOSEPH JAMES BURNS and CAMILLA BURNS, | ) ) ) | Case Nos.   CV-06-08-S-BLW |
| Petitioners, | ) ) | CV-06-09-S-BLW |
| | ) | CR-97-58-S-BLW |
| v. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

Pending before the Court are Petitioner's Motions Under § 2255 to Vacate,

Set Aside, or Correct Sentence (Docket No. 1 in their respective civil cases).

Although filed separately, these Petitions will be consolidated for decision.[1]  For

the reasons set forth below, the Court finds that Petitioners are not entitled to relief

and their Motions are dismissed.

## BACKGROUND

Petitioners were convicted pursuant to a jury verdict of 23 counts of

conspiracy to defraud the United States, mailing threatening communications, bank

---

[1] Petitioners have a history of filing substantially identical motions and petitions in the underlying criminal case, Case No. CR-97-58-S-BLW, which the Court has previously consolidated for the purpose of decision.

**Order - 1**

fraud, intimidation of public officials, extortion, mail fraud, and making false claims against the Government.  They were sentenced on December 18, 1997. They did not appeal their convictions.  However, Petitioners filed motions on January 5, 1998 (Docket No. 252), March 26, 1998 (Docket No. 276) and December 3, and December 6, 2001, respectively, (Docket Nos. 363 and 365) that were consolidated and treated as a Motion Pursuant to 28 U.S.C. § 2255.  On January 24, 2003, the Court denied all of Petitioners' claims, including their *Apprendi* claims that they were illegally sentenced based on factors found by a judge using a preponderance of the evidence standard.  Docket No. 383.  The Court found no constitutional violation because Petitioners had been sentenced on all charges either at or below the statutory maximum as required by *Apprendi.  Id.*

Petitioners subsequently filed several other motions, including a request for a certificate of appealability, all of which were denied and not relevant here.  The Ninth Circuit ultimately also denied their request for a certificate of appealability. Docket No. 427.

Following the Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), Petitioners filed a joint motion under Rule 60(b)(6) seeking to amend the Order denying their § 2255 claims to reflect sentences based solely upon

**Order - 2**

factors found by a jury beyond a reasonable doubt.[2]  Docket No. 428.  This Court

construed their Motion as a § 2255 Motion and dismissed it as a second or

successive motion because they sought similar relief to that requested in the first

motion without obtaining the requisite certification from the Court of Appeals.

Docket No. 434.   They did not appeal that Order.

On January 11, 2006, Petitioners filed the instant § 2255 Motions and

supporting Memoranda, again challenging their sentences essentially on the same

grounds that they were sentenced based on factors not proven to a jury beyond a

reasonable doubt.  This time, the Motions are based on *United States v. Booker*,

125 S. Ct. 738 (2005), which extended the rules of *Apprendi* and *Blakely* to the

federal sentencing guidelines.  Petitioners are aware that *Booker* has not been made

retroactive to cases on collateral review.  However, in reliance on *United States v.

Dodd*, 125 S. Ct. 2478 (2005), Petitioners seek to preserve their claims in the event

*Booker* is made retroactive.

## APPLICABLE LAW AND DISCUSSION

Petitioners' Motions are barred on the alternative grounds that this Court

lacks jurisdiction to hear the claims or because the statute of limitations has run.

---

[2]  In *Blakely*, the Court invalidated the state of Washington sentencing guidelines while clarifying that the "statutory maximum" referred to in *Apprendi*  was the maximum sentence that could be imposed based on facts, other than a prior conviction, that had been admitted by defendant or found by a jury beyond a reasonable doubt.

**Order - 3**

### A.    Lack of Jurisdiction

This is the third time Petitioners have attempted to set aside their sentences on the grounds that the sentences were unconstitutionally based on facts not found by a jury beyond a reasonable doubt.  If the "basic thrust or gravamen" of the motion is the same as the one previously dismissed, the motion is successive even if supported by new arguments.  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (quoting *United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir. 1997) and *Molina v. Rison*, 886 F.2d 1124 (9th Cir. 1989)).

Section 2255, ¶ 8(2), provides in relevant part that a second or successive § 2255 motion must be certified by the appropriate court of appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Rule 9 of the Rules Governing Section 2255 Proceedings directs the moving party to obtain an order from the court of appeals pursuant to § 2255,¶ 8(2), authorizing the district court to consider the motion before filing a second or successive motion.

Because Petitioners have essentially asserted the same claims, albeit under *Booker* rather than *Apprendi* or *Blakely*, their current claims are successive. Because Petitioners did not obtain the requisite certification from the Ninth Circuit, this Court lacks jurisdiction to consider Petitioners' claims.

**Order - 4**

**B.     Statute of Limitations**

Even assuming the Court had jurisdiction to consider their Motions,

Petitioners would not be entitled to relief.

Section 2255, ¶ 6, provides in relevant part that a one-year period of

limitation runs from the latest of several potential dates including "the date on

which the right asserted was initially recognized by the Supreme Court, if that right

has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review."  28 U.S.C.  § 2255, ¶ 6(3).

Petitioners recognize in their supporting Memoranda that *Booker* has not yet

been made retroactive, and that if it is, the  period will begin to run from the date

*Booker* was decided rather than the date is it made retroactive.  *See United States v.*

*Dodd*, 125 S.Ct. 2478, 2482 (2005).  *Booker* was decided on January 12, 2005.

Therefore, the statute of limitations began to run on that date.  For precisely that

reason, Petitioners seek to preserve their claims should *Booker* ultimately be made

retroactive.

More than a year has passed since *Booker* was decided, and it has not been

made retroactive to cases on collateral review.  Petitioners' attempt to preserve

their claims must fail.  *Dodd* did not make a provision for such a preservation of

rights.  To the contrary, *Dodd* recognized the "potential for harsh results" and left

**Order - 5**

it to Congress to amend the statute if it believes it "unduly restricts" the ability to file second or successive motions.  *Id.* at 2483.  As the Court explained,

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief.  The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones.  Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion.  An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  § 2255, ¶ 8(2).  Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right.  Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.

*Id.*

If the Supreme Court had contemplated a method of preserving claims, it would not have addressed the potential harshness of the result of its decision.  Rather, it concluded that "[t]he disposition required by the text here, though strict, is not absurd."  *Id.*

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction to consider Petitioners' § 2255 Motions.  Alternatively, even if the Court did have

**Order - 6**

jurisdiction, Petitioners' attempt to preserve their claims has no merit and their claims are barred by the statute of limitations.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner John Burns' Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in Case No. CV-06-08-S-BLW) is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Petitioner Camilla Burns' Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in Case No. CV-06-09-S-BLW) is DISMISSED with prejudice.



DATED:  **March 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

Order - 7